3/8/2019 3:23 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 31806711
By: Wanda Chambers
Filed: 3/8/2019 3:23 PM

Ex. 3

CAUSE NO. _____

| | | |
|---|---|---|
| HUNTON ANDREWS KURTH, LLP | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | HARRIS COUNTY, TEXAS |
| GREAT NORTHERN INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |
| | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Hunton Andrews Kurth, LLP, by counsel, files this Original Petition against Defendant Great Northern Insurance Company and in support thereof, alleges as follows:

## DISCOVERY CONTROL PLAN

1.      Discovery in this matter is intended to be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, unless and until the Court issues its own discovery control order to govern pre-trial discovery in this lawsuit.

## PARTIES

2.      Plaintiff Hunton Andrews Kurth, LLP ("Hunton") is a limited liability partnership with an office in Houston, Texas.  Hunton was formed by merger, on April 2, 2018, of the law firms Hunton & Williams LLP and Andrews Kurth Kenyon LLP ("Andrews Kurth").

3.      Defendant Great Northern Insurance Company ("Great Northern") is a corporation incorporated under the laws of Indiana, with its principal place of business located at 202B Hall's Mill Road, Whitehouse Station, New Jersey 08889.  Great Northern is, among other things, in the business of issuing insurance policies to companies such as Andrews Kurth.

4.      Great Northern is a foreign insurance corporation that conducts business within the State of Texas.  Great Northern has failed to appoint or does not maintain a registered agent in this state as required by Section 804.103 of Texas Insurance Code, and therefore may be served with process by serving the Texas Commissioner of Insurance at Chief Clerk Office, 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, Texas 78714-9104.

## JURISDICTION

5.      This Court has subject matter jurisdiction over this dispute because the amount in controversy exceeds the minimum jurisdiction limits of this Court.  Plaintiff seeks monetary relief over $1,000,000, including attorneys' fees, pre-judgment and post-judgment interest and treble damages.  Great Northern is subject to personal jurisdiction in the State of Texas by virtue of doing business in the State in Texas and because the conduct that gives rise to the causes of action set forth below occurred in the State of Texas.

## VENUE

6.      Venue is proper in this Court since all or a substantial part of the events giving rise to this claim occurred in Harris County.

## FACTS

### *Hunton Andrews Kurth, LLP*

7.      On April 2, 2018, the law firms Hunton & Williams LLP and Andrews Kurth merged to form Hunton Andrews Kurth LLP.

8.      Many of the events relevant to this Original Petition occurred prior to the merger.

9.      Hunton brings this Original Petition to recover under amounts owed under a contract for insurance entered into between Great Northern and Andrews Kurth.

### *The Insurance Policy*

10.     Andrews Kurth entered into a contract for insurance with Great Northern bearing policy number 3529-35-93 HOU (the "Policy"). A copy of the Policy is attached as Exhibit A to this Original Petition.

11.     The Policy has effective dates of June 15, 2017, to June 15, 2018.

12.     Pursuant to the Policy's terms and conditions, the Policy affords Andrews Kurth, among other things, coverage for loss resulting from business interruption. The Policy affords this coverage pursuant to its terms and conditions under the Policy section titled "Business Income With Extra Expense Insurance For Law Firms."

13.     The Business Income With Extra Expense Insurance For Law Firms section of the Policy provides, in pertinent part:

> We will pay for the actual:
>
> - **business income** loss you incur due to the actual impairment of your **operations**; and
>
> - **extra expense** you incur due to the actual or potential impairment of your **operations**,
>
> during the **period of restoration**, not to exceed the applicable Limit Of Insurance for Business Income With Extra Expense shown in the Declarations.
>
> This actual or potential impairment of operations must be caused by or result from direct physical loss or damage by a **covered peril to property**, unless otherwise stated.
>
> This Premises Coverage applies only at those premises:

Certified Document Number: 8424169 - Page 3 of 14

HW_US:73027395.6

- where you incur a **business income** loss or **extra expense**; and

- for which a Limit Of Insurance for Business Income With Extra Expense is

Policy, Form 80-02-1101 (Ed. 4-05) at 3 of 18.

14.    The Policy defines "business income" as:

A.  revenue, which you would have earned, based upon:

  1.  billable hours;

  2.  fees for services; or

  3.  other sources,

B.  Minus:

  1.  All expenses;

  2.  Any revenue that can subsequently be recovered or made up; and

  3.  Revenue you can continue to earn by continuing all or any part of your operations during the period of restoration, regardless of whether you elect to continue all or part of such operations,

C.  Plus;

  1.  Your continuing normal operating and payroll expenses;

  2.  Charges you incur which are the legal obligation of your tenant(s) which would otherwise be your obligations; and

  3.  The cost you are required to pay to rend temporary premises when that portion of the premises shown in the Declarations occupied by you is untenable, not to exceed the fair rental value of such untenable portion of the building you occupy.

Policy, Form 80-02-1101 (Ed. 4-05) at 16 of 18

15.    The Policy defines "Period of restoration," in pertinent part as:

Certified Document Number: 8424169l - Page 4 of 14

**Period of restoration** means the period of time that, for **business income**, begins:

A.  immediately after the time of direct physical loss or damage by a **covered peril** to **property**;

*        *        *

**Period of restoration** will continue until your **operations** are restored, with reasonable speed, to the level which would generate the **business income** amount that would have existed if no direct physical loss or damage occurred, including the time required to:

A.  repair or replace the **property**;

*        *        *

not to exceed the applicable number of days shown as Extended Period in the Declarations, *beginning on the date that the lost or damaged* **property** *is actually repaired or replaced and your* **operations** *are restored.*

The expiration date of this policy will not cut short the **period of restoration**.

Policy, Form 80-02-1101 (Ed. 4-05), at 17 of 18.

16.     The Policy defines "operations" as Andrews Kurth's "business activities occurring at [Andrews Kurth's] premises, including [Andrews Kurth's] activities as a lessor of premises, prior to the loss or damage."  Policy, Form 80-02-1097 (Rev. 6-05) at 22 of 34.

17.     The Policy defines "extra expense" as necessary expenses you incur:

A. in an attempt to continue operations, over and above the expenses you would have normally incurred;

Policy, Form 80-02-1097 (Rev. 6-05) at 16 of 34.

18.     The Policy's Preparation of Loss Fees coverage provides, in pertinent part:

Certified Document Number: 8424169l - Page 5 of 14

HW_US:73027395.6

> We will pay the reasonable and necessary expenses and fees incurred following covered loss or damage to certify your business income loss or extra expense, not to exceed the applicable Limit Of Insurance for Preparation Of Loss Fees shown under Business Income in the Declarations.

Policy, Form 80-02-1101 (Ed. 4-05), at 10 of 18.

### *The Hurricane Event*

19.     On or about August 27, 2017, the building housing Andrews Kurth's offices located at 600 Travis Street, Houston, Texas 77002 ("600 Travis") sustained direct physical damage from flooding associated with Hurricane Harvey.

20.     The premises at 600 Travis were closed on August 27th, and did not reopen until August 31st (hereinafter, the "Closure Period").

21.     The closure of 600 Travis resulted in the actual impairment of Andrews Kurth's operations during the Closure Period.

22.     The closure of 600 Travis also resulted in the actual impairment of Andrews Kurth's operations during the period of time commencing at the end of the Closure Period and continuing through at least September 14, 2017 (hereinafter, the "Extended Period").

23.     It was not until the end of the Extended Period that Andrews Kurth's operations returned to their pre-loss level.

24.     As a consequence of the actual impairment of its operations at 600 Travis, Andrews Kurth sustained a loss of business income during the Closure Period and the Extended Period.

Certified Document Number: 8424169 1 - Page 6 of 14

HW_US:73027395.6

*Andrews Kurth's Insurance Claim*

25.     Andrews Kurth notified Great Northern that it sustained a loss of business income as a consequence of Hurricane Harvey and that it sought coverage under the Policy for those losses.

26.     Andrews Kurth complied with all conditions precedent to coverage under the Policy, including payment of all premiums owed and the provision of timely notice.

27.     From October 16, 2017 to November 1, 2017, Andrews Kurth provided Great Northern with information supporting its claim for loss of business income as a consequence of the closure of 600 Travis.

28.     On or about November 10, 2017, Great Northern completed its initial review of Andrews Kurth's claim submission.

29.     Andrews Kurth sustained a loss of business income during the Closure Period in the amount of $1,822,323.

30.     During the Extended Period, Andrews Kurth sustained hundreds of thousands of dollars of business income loss.

31.     Coverage for loss of business income is subject to a self-insured retention equal to the amount of loss sustained during the first 72-hours following the commencement of the loss of business income.  The amount of loss sustained by Andrews Kurth during the applicable 72-hour waiting period totals approximately $900,000.

32.     Great Northern issued payment to Andrews Kurth for the loss of business income and extra expense loss that Andrews Kurth sustained during the Closure Period, minus the amount attributable to the applicable waiting period deductible.

Certified Document Number: 8424169 1 - Page 7 of 14

HW_US:73027395.6

33.     On July 17, 2018, Great Northern advised Hunton that it was not obligated to pay Hunton for the loss of income Andrews Kurth sustained during the Extended Period.

34.     Great Northern denied coverage to Hunton for all loss sustained during the Extended Period despite clear and unambiguous language in the Policy affording coverage for such loss.

35.     By letter dated October 18, 2018, Great Northern admitted that the period of restoration extends beyond the time necessary to restore the premises; however, Great Northern refused to make any payments to Hunton for this Extended Period, claiming that the continued impairment of Andrews Kurth's operations was "not caused by physical loss or damage to property and therefore, the period of restoration … cannot be extended as suggested."

36.     By letter dated October 22, 2018, Hunton reiterated to Great Northern that all requirements for Business Interruption coverage for the loss of business income sustained during the Extended Period have been met.  Specifically, that 600 Travis suffered business income loss due to the actual impairment of its operations, caused by or resulting from direct physical loss or damage due to flood, a covered peril.

37.     Great Northern failed to change its position on coverage even after receipt of Hunton's October 22, 2018 letter.

Certified Document Number: 8424169 1 - Page 8 of 14

HW_US:73027395.6

## COUNT I

### (Breach of Contract)

38.     Hunton incorporates by reference the allegations set forth in paragraphs 1 through 37 above as if fully set forth herein.

39.     All applicable terms, conditions, and other requirements under the Policy have been satisfied and, alternatively, compliance with the applicable terms, conditions, and other requirements, in whole or in part, has been waived or compliance is unnecessary for other reasons, including Great Northern's actions and inactions related to its handling of the claim.

40.     Under the Policy, Great Northern was obligated to pay Andrews Kurth's business interruption claim.  Great Northern failed to make such payment.

41.     Because of Great Northern's wrongful refusal to pay, Hunton has sustained uncompensated damages in an amount in excess of $1,000,000 with pre-judgment and post-judgment interest, attorneys' fees, and treble damages.

42.     Hunton demands judgment against Great Northern in an amount to be determined at trial.

## COUNT II

### (Common Law Bad Faith)

43.     Hunton incorporates by reference the allegations set forth in paragraphs 1 through 42 above as if fully set forth herein.

44.     Under Texas common law, Great Northern owed Andrews Kurth a duty of good faith and fair dealing.

HW_US:73027395.6

45.     At all relevant times, Great Northern knew or should have known that Andrews Kurth was entitled to its lost business income during the Period of Restoration, which includes the period up until September 14, 2017, when Andrews Kurth's operations were restored, with reasonable speed, to the level of business income that would have existed if no direct physical loss or damage had occurred.

46.     There was no reasonable basis for Great Northern's denial of coverage, given its knowledge that the Policy's business income coverage should have included payments through and including September 14, 2017.

47.     Great Northern's unfounded refusal to pay proceeds due under the Policy constitutes malicious, intentional, fraudulent, and/or grossly negligent conduct.

48.     Great Northern breached its common law duty of good faith and fair dealing in handling Andrews Kurth's claim, which proximately caused Hunton's damages.

49.     Hunton is entitled to judgment against Great Northern for the breach of its common law good faith and fair dealing obligations to Andrews Kurth, and Great Northern is liable for compensatory and punitive damages, including attorneys' fees and interest.

## COUNT III

### (Statutory Bad Faith)

50.     Hunton incorporates by reference the allegations set forth in paragraphs 1 through 49 above as if fully set forth herein.

51.     Under the Texas Insurance Code, "[i]t is an unfair method of competition or an unfair or deceptive act or practice in the business of insurance to engage in the following unfair settlement practices with respect to a claim by an insured or beneficiary: . . . (2) failing to

Certified Document Number: 84241691 - Page 10 of 14

HW_US:73027395.6

attempt in good faith to effectuate a prompt, fair, and equitable settlement of: (A) a claim with respect to which the insurer's liability has become reasonably clear."  TEX. INS. CODE ANN. § 541.060.

52.     At all relevant times, it was or should have been clear to Great Northern that Andrews Kurth was entitled to its lost business income during the Period of Restoration, which includes the period up until September 14, 2017, when Andrews Kurth's operations were restored, with reasonable speed, to the level of business income that would have existed if no direct physical loss or damage had occurred.

53.     Great Northern's unfounded refusal to pay proceeds due under the Policy constituted a knowing failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Andrew Kurth's claim, with respect to which Great Northern's liability had become reasonably clear.

54.     Great Northern breached its statutory duties, under the Texas Insurance Code, of good faith settlement practices in handling Andrews Kurth's claim.

55.     Accordingly, under Sections §§ 541.060 and 541.152, Hunton is entitled to judgment against Great Northern for the breach of its duties under the Texas Insurance Code, and Great Northern is liable for the amount of actual damages, plus court costs and reasonable and necessary attorney's fees, and treble damages up to three times the amount of actual damages.

Certified Document Number: 8424 1691 - Page 11 of 14

HW_US:73027395.6

## COUNT IV

### (Attorney's Fees and Interest)

56.     Hunton incorporates by reference the allegations set forth in paragraphs 1 through 55 above as if fully set forth herein.

57.     Great Northern has failed to pay Andrews Kurth's claim within 60 days of Andrews Kurth's demand.

58.     Accordingly, under TEX. INS. CODE ANN. §§ 542.058 and 542.060, Great Northern is obligated to pay interest on the amount of the claim at the rate of 18% a year as damages, together with reasonable and necessary attorney's fees.

59.     Furthermore, pursuant to Section 38.001 of the Texas Civil Practices and Remedies Code and otherwise provided by law, Hunton seeks recovery of its attorneys' fees and expenses that have been and will be incurred in connection with the filing and pursuit of the claims made in this suit, and all additional costs and interest allowed by law.

## CONDITIONS PRECEDENT

60.     All conditions precedent to the filling of this lawsuit have been performed or have occurred.

## JURY DEMAND

61.     Hunton requests a trial by jury on all issues raised in this petition or by supplemental or amended pleading, and contemporaneous with this filing has tendered the necessary jury fee.

Certified Document Number: 8424169I - Page 12 of 14

HW_US:73027395.6

## **PRAYER**

WHEREFORE, Hunton Andrews Kurth, LLP demands a jury trial on all issues so triable and respectfully prays for judgment in its favor and against Great Northern as follows:

      a.      On all counts, for compensatory damages and prejudgment interest in an amount to be proved at trial;

      b.      On Count IV, for attorney's fees and prejudgment interest;

      c.      For court costs; and

      d.      For such other relief, at law and equity, as this court deems just and proper.

[Signature page follows]

Respectfully submitted,

HUNTON ANDREWS KURTH LLP

By:*/s/ Leah Buenik Nommensen*
 Leah Buenik Nommensen
 State Bar No. 24101573
 600 Travis Street, Suite 4200
 Houston, TX  77002
 Telephone: (713) 220-3935
 leahnommensen@HuntonAK.com

 Michael S. Levine*
 District of Columbia Bar No. 449272
 2200 Pennsylvania Ave NW
 Washington, DC 20037
 Telephone: (202) 955-1500
 mlevine@HuntonAK.com

 Walter J. Andrews*
 Florida Bar No. 0084863
 1111 Brickell Avenue, Suite 2500
 Miami, FL  33131
 Telephone: (202) 955-1802
 wandrews@HuntonAK.com

 Michelle M. Spatz*
 District of Columbia Bar No. 1044400
 2200 Pennsylvania Ave NW
 Washington, DC 20037
 Telephone: (404) 888-4182
 mspatz@HuntonAK.com

 **ATTORNEYS FOR PLAINTIFF,**
 **HUNTON ANDREWS KURTH LLP**

 \* *Pro hac vice* applications to
  be filed.

Certified Document Number: 84241691 - Page 14 of 14

HW_US:73027395.6



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 25, 2019

Certified Document Number:       84241691 Total Pages:  14

Marilyn Burgess, DISTRICT CLERK

HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**